*292 Opinion of the Court. — The plaintiff purchased 150 acres of land, and received a deed of conveyance containing a covenant of general warranty, from the defendant. The plaintiff alleged that this covenant had been broken ; for that by a judgment of the court of quarter sessions for Mason county, Thomas Marshall and others had recovered the said land of him, and had sued out a writ of habere facias possessionem ; to prove which, on the trial ofthis cause, he produced and offered in evidence a record of the procéedings in the suit, which was determined by the Mason quarter session court.
No better evidence Ought to be required of a legal eviction, than thd judgment ó/thé' court.
A record of evi&ion whkH appears to be i. complete trim-feript* is good evidence on art action of -Covenant tínd warranty, without its being eertifi-ed to be complete*
This record the court refused to admit — First, Be-pause, as they say, the survey appears to have, been laid down by consent of the parties, and not from actual survey. Second, Because it does not appear that the defendant therein mentioned was legally evicted. Third, Because the record is not certified to be a full and complete copy.
To this opinion Radcliff excepted ; and the incorrectness thereof, is all in this cause, that this court is required by the assignment of errors to decide.
As to the first reason assigned ; it appears, from the inspection of the record, that the survey was laid down by order of the court; nor is any reason shewn or alleged why it should be necessary for the surveyor to have made the survey on the ground, This is not necessary in all cases in ejectment; and it not being shewn or alleged to be necessary in this, we cannot presume it was sO ; and from an inspection of the plat itself, it appears improbable that any kind of question could haye arisen tp have required it,
To the second reason alleged, it may justly be observed, that no better evidence ought to be required of a legal eviction, than the judgment of a court itself. the plaintiff refused to yield that just respect and 4ue Obedience to the court, which every good and Well disposed citizen ought to render; then it might have been necessary, in order to effectuate the justice of the cáse, and to complete the right of the plaintiff in the ejectment, to have executed the writ of habere facias posses-sionem. But surely there can be no objection to his ac; quiescing in and submitting to the judgment; and thereby rendering compulsion unnecessary, and preyehting the further accumulation of costs.
To the third reason, it may be answered, that the rerecord exhibited, substantially corresponds with the plaintiff’s allegation; appeal's to be the record of the case alluded to ; and is sufficiently full, as far as it appears to be necessary ; and if any substantial defect existed, it should have been shewn.*
The court seeing no other objections to the record, and adjudging those insufficient, are of opinion, that the inferior court erred in refusing to admit it as evidence.
Talbot-, Clay, and Blair, for the plaintiff; Allen, for the defendant.
Judgment reversed; cause remanded, and direction given to admit the record as evidence.

 The record produced, appeared to be a complete tranfcript } but was not certiñed foto be. The only authentication it contained, Was as follows \ A copy, tefte, Thos. Marftial), jur. C. M. C.”